```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                       CHARLESTON
```

**DEBRA SHREWSBURY,**

    **Plaintiff,**

**v.**                                              **CASE NO. 2:08-cv-00264**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

## <u>M E M O R A N D U M   O P I N I O N</u>

This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. Both parties have consented in writing to a decision by the United States Magistrate Judge.

Plaintiff, Debra Shrewsbury (hereinafter referred to as "Claimant"), filed an application for DIB on September 27, 2000, alleging disability due to neck pain and migraines. (Tr. at 19, 79-91, 97.) The claim was denied initially and upon reconsideration. (Tr. at 59-63, 66-68.) On July 13, 2001, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 69.) The hearing was held on May 7, 2002, before the Honorable Arthur L. Conover. (Tr. at 538-82.) By decision dated May 29, 2002, the ALJ determined that Claimant was not

entitled to benefits.  (Tr. at 277-84.)  On March 2, 2004, the Appeals Council remanded Claimant's case to the ALJ and noted that a subsequent claim for Title II benefits was a duplicate of the current claim and would be associated with the claim files so that the ALJ could issue a new decision on both claims.  (Tr. at 290-91.)  On November 19, 2004, ALJ Conover conducted a second administrative hearing.  (Tr. at 583-612.)  By decision dated December 8, 2004, the ALJ denied benefits again.  (Tr. at 453-64.) On May 25, 2005, the Appeals Council remanded Claimant's case to the ALJ.  (Tr. at 475-77.)  On November 3, 2005, a different ALJ, the Honorable Theodore Burock, conducted an administrative hearing. (Tr. at 613-38.)  By decision dated June 28, 2006, the ALJ determined that Claimant was not entitled to benefits.  (Tr. at 19-30.)  On March 28, 2008, the Appeals Council considered additional evidence offered by the Claimant, but determined it did not provide a basis for changing the ALJ's decision.  (Tr. at 11-14.)  On April 18, 2008, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(I), a claimant for disability benefits has the burden of proving a disability. See <u>Blalock v. Richardson</u>, 483 F.2d 773, 774 (4th Cir. 1972).  A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically

2

determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims.  20 C.F.R. §§ 404.1520, 416.920 (2006).  If an individual is found "not disabled" at any step, further inquiry is unnecessary.  Id. §§ 404.1520(a), 416.920(a).  The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment.  Id. §§ 404.1520(b), 416.920(b).  If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  Id. §§ 404.1520(c), 416.920(c).  If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  Id. §§ 404.1520(d), 416.920(d).  If it does, the claimant is found disabled and awarded benefits.  Id.  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  Id. §§ 404.1520(e), 416.920(e).  By satisfying inquiry four, the claimant establishes a prima facie case of disability.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).  The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform

other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience.  20 C.F.R. §§ 404.1520(f), 416.920(f) (2006).  The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy.  McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity since the alleged onset date. (Tr. at 22.)  Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of lumbosacral disc disease, carpal tunnel syndrome, migraine headaches, heel spurs, stress fractures and neck impairment.  (Tr. at 22.)  At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1.  (Tr. at 24.)  The ALJ then found that Claimant has a residual functional capacity for light work, reduced by nonexertional limitations.  (Tr. at 25.)  As a result, Claimant cannot return to her past relevant work.  (Tr. at 28.)  Nevertheless, the ALJ concluded that Claimant could perform jobs such as elderly companion, indoor parking garage attendant, and child monitor, which exist in significant numbers in

the national economy. (Tr. at 29.) On this basis, benefits were denied. (Tr. at 30.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Cellebreze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was forty-seven years old at the time of her alleged

5

onset. (Tr. at 28.) At the time of the ALJ's decision, Claimant was fifty-two years old. (Tr. at 28.) Claimant completed the eleventh grade. (Tr. at 543.) In the past, she worked as a cook and as a waitress. (Tr. at 544-46.)

The Medical Record

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because the ALJ erred in failing to give great weight to the opinion of Claimant's treating physician, Sanjay Mehta, D.O., without suitable explanation as to why he did not give this opinion greater weight. (Pl.'s Br. at 3-14.)

The Commissioner argues that the ALJ's decision is supported by substantial evidence and that the ALJ properly considered the relevant medical opinion evidence, including that from Dr. Mehta. (Def.'s Br. at 13-16.)

In evaluating the opinions of treating sources, the Commissioner generally must give more weight to the opinion of a treating physician because the physician is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2)

(2006). Nevertheless, a treating physician's opinion is afforded "controlling weight only if two conditions are met: (1) that it is supported by clinical and laboratory diagnostic techniques and (2) that it is not inconsistent with other substantial evidence." Ward v. Chater, 924 F. Supp. 53, 55 (W.D. Va. 1996); see also, 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) (2006). The opinion of a treating physician must be weighed against the record as a whole when determining eligibility for benefits. 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) (2006). Ultimately, it is the responsibility of the Commissioner, not the court to review the case, make findings of fact, and resolve conflicts of evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). As noted above, however, the court must not abdicate its duty to scrutinize the record as a whole to determine whether the Commissioner's conclusions are rational. Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1994).

If the ALJ determines that a treating physician's opinion should not be afforded controlling weight, the ALJ must then analyze and weigh all the evidence of record, taking into account the factors listed in 20 C.F.R. §§ 404.1527 and 416.927(d)(2)-(6). These factors include: (1) Length of the treatment relationship and frequency of evaluation, (2) Nature and extent of the treatment relationship, (3) Supportability, (4) Consistency, (5) Specialization, and (6) various other factors. Additionally, the

regulations state that the Commissioner "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." Id. §§ 404.1527(d)(2), 416.927(d)(2).

The court finds that the ALJ adequately weighed the opinion of Claimant's treating physician, Dr. Mehta, and that his findings are supported by substantial evidence. In his decision, the ALJ summarized the opinion of Dr. Mehta and stated that he rejected the opinion because "[t]he objective findings as discussed in detail in this section and the overall conservative care do not support this opinion." (Tr. at 28.) The ALJ's findings are supported by substantial evidence.

On September 19, 2005, Dr. Mehta of the New River Health Association signed off on a form completed by Tammy Campbell, CFNP. On the form, Ms. Campbell/Dr. Mehta opined that Claimant was limited to lifting five to ten pounds at a time, that Claimant had standing, sitting and walking limitations, that Claimant could never climb, stoop or crawl and could only occasionally balance, crouch or kneel, that Claimant had limitations in reaching, handling and pushing and pulling and that Claimant had several environmental restrictions. (Tr. at 511-13.) The record includes treatment notes from Dr. Mehta dated September 14, 1999, October 25, 2001, and October 30, 2001. (Tr. at 187, 193, 365-66.)

On September 14, 1999, Dr. Mehta examined Claimant for

8

complaints of nausea, vomiting and dizziness.  Etiology of these complaints was unclear.  (Tr. at 193.)  On October 25, 2001, Dr. Mehta conducted a preoperative evaluation of Claimant in preparation for surgery because of heel spurs.  Dr. Mehta found that Claimant had full range of motion in all four extremities.  Dr. Mehta diagnosed chronic pain, heel spurs, migraine headaches, allergic rhinitis and indicated that Claimant was to have surgery for her heel spurs.  (Tr. at 187.)  Dr. Mehta admitted Claimant on October 30, 2001, for her heel surgery.  (Tr. at 365-66.)

Dr. Mehta examined Claimant several years before he completed the Assessment in 2005, and his opinions on the Assessment simply are not consistent with his treatment notes or the treatment notes of others at New River Health Association or the remaining evidence of record from other examining and nonexamining sources.  After Dr. Mehta's examination, Claimant underwent surgery related to her heel spurs.  Thereafter, Claimant received sporadic and conservative care at New River Health Association from April through March of 2003, on December 3, 2003, and from August 3, 2004, through August 26, 2005, and on October 5, 2005.  (Tr. at 426-36, 419-23, 425, 445, 500-05, 514-17.)

An MRI of Claimant's cervical spine on October 20, 2000, showed mild spondylosis of the mid cervical spine region, but no evidence of herniated nucleus pulposus or spinal stenosis.  (Tr. at 171.)

9

Rodolfo Gobunsuy, M.D. conducted a consultative examination at the request of the State disability determination service on October 15, 2003.  Claimant had tenderness in the cervical spine, but range of motion in the neck was normal.  Claimant appeared to have degenerative disc disease.  Anterior bending of the lumbar spine and straight leg raising in the supine position was limited, but straight leg raising in the sitting position was normal.  Claimant had mild antalgia favoring the right leg, but no atrophy of the right leg muscle. Claimant walked steadily.  (Tr. at 403.) X-rays of the lumbar spine showed narrowing of L5, S1, minimal. (Tr. at 407.)

The State agency nonexamining sources of record all opined that Claimant could perform light work, reduced by nonexertional limitations.  (Tr. at 150-57, 175-82, 393-400, 410-17.)

Claimant asserts that the ALJ rejected Dr. Mehta's opinion based in part on his findings that the Claimant's subjective complaints were not entirely credible.  (Pl.'s Br. at 13.)  The ALJ's findings about the weight afforded Dr. Mehta's opinion do not contain such a suggestion.  Instead, the ALJ's reasons for rejecting the opinion of Dr. Mehta are in keeping with the applicable regulations and case law and are supported by substantial evidence.

The ALJ ultimately concluded that Claimant was limited to light work, reduced by a need for routine, repetitive tasks, an

occasional ability to climb, balance, crouch and crawl, a need to avoid concentrated exposure to vibration, a need to avoid exposure to hazardous machinery and dangerous heights and no constant use of the upper extremities. The ALJ's findings are consistent with and supported by substantial evidence of record.

After a careful consideration of the evidence of record, the court finds that the Commissioner's decision is supported by substantial evidence. Accordingly, by Judgment Order entered this day, the final decision of the Commissioner is AFFIRMED and this matter is DISMISSED from the docket of this court.

The Clerk of this court is directed to transmit copies of this Order to all counsel of record.

ENTER: August 20, 2009

Mary E. Stanley
United States Magistrate Judge

11